**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MERRICK JOSE MOORE, | No. 10-17054 |
| Plaintiff - Appellant, | D.C. No. 2:04-cv-00871-MCE-EFB |
| v. | |
| J. SLOSS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted December 19, 2011[**]

Before:   GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

California state prisoner Merrick Jose Moore appeals pro se from the district

court's judgment as a matter of law for defendant Sloss following a jury trial in

Moore's 42 U.S.C. § 1983 action alleging retaliation and violation of his Eighth

Amendment rights.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo, *Torres v. City of Los Angeles*, 548 F.3d 1197, 1205 (9th Cir. 2008), and we affirm.

The district court properly granted defendant's motion for judgment as a matter of law under Rule 50(a) because Moore failed to present a legally sufficient basis for a reasonable jury to rule in his favor on either the retaliation or Eighth Amendment claim. *See* Fed. R. Civ. P. 50(a) ("A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury."); *see also Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005) (listing elements of conditions-of-confinement claim and explaining that the duration of the deprivation is relevant); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (listing elements of a prisoner retaliation claim).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Moore's remaining contentions are unpersuasive.

**AFFIRMED.**